IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
NOV 27 2019
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. 4:19cv846-BSM |
| v. | COMPLAINT |
| | JURY TRIAL DEMAND |
| USABLE LIFE | |
| Defendant. | |

This case assigned to District Judge Miller
and to Magistrate Judge Kearney

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, as amended by the Americans with Disabilities Act Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and disability and to provide appropriate relief to Christian DeClue who was adversely affected by such practices. The Commission alleges that USAble Life terminated Christian DeClue's employment in retaliation for her complaints of discrimination to USAble Life and for her complaints of discrimination to a third party, all in violation of Title VII and the ADA.

As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission (Commission) alleges that Defendant USAble Life (USAble or Defendant Employer) retaliated against Christian DeClue (DeClue) for engaging in protected activity.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §2000e-5(f)(1) and (3) and 42 U.S.C. §2000e-3(a); Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 12203(a), 42 U.S.C.§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to unlawful were committed within the jurisdiction of the United States District Court for Eastern District of Arkansas, Western Division.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3) and 42 U.S.C. §2000e-3(a) and by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant Employer has continuously been a corporation doing business in the State of Arkansas and the City of Little Rock and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h) and Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, Defendant Employer has been a covered entity under 42 U.S.C. §2000e-5(f)(1) and (3) and 42 U.S.C. §2000e-3(a) and under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, DeClue filed a charge of discrimination with the Commission against Defendant Employer alleging Defendant Employer violated Title VII.

8. On May 20, 2019, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe Defendant Employer violated Title VII and invited Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

9. The Commission engaged in communications with Defendant Employer to provide Defendant Employer with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11. On August 12, 2019, the Commission issued Defendant Employer a Notice of Failure of Conciliation.

12. On September 13, 2019, the Commission issued Defendant Employer a Notice of Revocation of Letter of Determination.

13. On September 13, 2019, the Commission issued a new Letter of Determination finding reasonable cause to believe Respondent discharged Charging Party in retaliation for her complaint of discrimination in violation of Title VII and the ADA and invited Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

14. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

15. On October 1, 2019, the Commission issued Defendant Employer a Notice of Failure of Conciliation.

16. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF THE RETALIATION CLAIM UNDER TITLE VII**

17. Since at least January of 2018, Defendant Employer engaged in unlawful employment practices at its Little Rock, Arkansas location in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-3(a).

18. The unlawful employment practices include retaliating against DeClue because of her complaints of discrimination based on her pregnancy-related condition (lactation).

   a. Defendant Employer hired DeClue as a customer care associate on or about September 21, 2015.

   b. Defendant Employer serves BCBS plans across the country, and its business focus is providing specialty insurance programs to BCBS's health insurance programs.

   c. BCBS owns approximately 40% of Defendant Employer.

   d. DeClue became pregnant and had an expected delivery date of January 16, 2018.

4

e. DeClue requested leave under FMLA and short-term disability (STD) leave for her absence due to the birth of her child.

f. Defendant Employer approved DeClue for FMLA and STD on February 8, 2018, from January 15, 2018 to February 26, 2018.

g. Under Defendant Employer's STD, DeClue's paid leave would end on February 26, 2018, while her 12 weeks of unpaid leave under FMLA would end on April 9, 2018.

h. Because of Defendant Employer's insistence that DeClue return to work on or before February 26, 2018, DeClue's doctor submitted a leave request for her through March 7, 2018.

i. DeClue's doctor submitted another leave request for her through March 20, 2018, because of DeClue's pregnancy-related medical condition, anxiety and post-partem depression.

j. By letter dated March 7, 2018, Defendant Employer informed DeClue it had granted her request for an extension of leave through March 20, 2018.

k. During DeClue's pregnancy-related medical leave, two promotional opportunities arose, and DeClue interviewed on or about March 16, 2018, at Respondent's location for the positions.

l. Defendant Employer did not select DeClue for either position, alleging DeClue lacked the requisite managerial experience.

m. Based on information and belief, Defendant Employer did not select DeClue for either position because she was a lactating mother and would need breaks to pump milk.

n. On or about March 26, 2018, DeClue complained to one of Defendant

        Employer's vice presidents regarding her belief that Defendant Employer had discriminated against her because of the medical reasons for her leave of absence and because of her need to take breaks to pump during the work day.

o. The vice president directed DeClue to speak with Defendant Employer's manager of employee relations and human resources projects.

p. On or about March 27, 2018, DeClue contacted this manager with her concerns. This manager informed DeClue that she (DeClue) had unused leave under FMLA.

q. Because DeClue did not believe Defendant Employer properly handled her complaint, DeClue called Blue Cross Blue Shield's (BCBS) hotline on April 3, 2018, alleging Defendant Employer discrimination against her based on her pregnancy.

r. The BCBS hotline number is posted in Defendant Employer's breakroom.

s. Defendant Employer discharged DeClue on April 11, 2019, for complaining of pregnancy-related discrimination to a third party (BCBS).

19. The effect of the practices complained of in Paragraphs 17 and 18 has been to deprive DeClue of equal employment opportunities and to otherwise adversely affect her employment by retaliating against DeClue for engaging in a protected activity.

20. The unlawful employment practices complained of in Paragraphs 17 and 18 were intentional.

21. The unlawful employment practices complained of in Paragraphs 17 and 18 were done with malice or with reckless indifference to the federally protected rights of DeClue.

## STATEMENT OF RETALIATION CLAIM UNDER THE AMERICANS WITH DISABILITIES ACT

22. Since at least January of 2018, Defendant Employer engaged in unlawful employment practices at its Little Rock, Arkansas location in violation of § 503 of the ADA, 42 U.S.C. § 12203.

23. The unlawful employment practices include retaliating against DeClue because of complaints of disability discrimination related to her pregnancy.

24. The Commission incorporates the allegations outlined in Paragraphs 17-21.

   a. Defendant Employer approved DeClue for FMLA and STD on February 8, 2018, from January 15, 2018 to February 26, 2018.

   b. Under Defendant Employer's STD, DeClue's paid leave would end on February 26, 2018, while her 12 weeks of unpaid leave under FMLA would end on April 9, 2018.

   c. Because of Defendant Employer's insistence that DeClue return to work on or before February 26, 2018, DeClue's doctor submitted a leave request for her through March 7, 2018.

   d. DeClue's doctor submitted another leave request for her through March 20, 2018, because of DeClue's pregnancy-related disability, anxiety and post-partem depression.

   e. During DeClue's medical leave, two promotional opportunities arose, and DeClue interviewed on or about March 16, 2018, at Respondent's location for the positions.

   f. Defendant Employer did not select DeClue for either position, alleging

7

DeClue lacked the requisite managerial experience.

g. Based on information and belief, Defendant Employer did not select DeClue for either position because, in addition to her being a lactating mother who would need breaks to pump milk, Defendant Employer did not select DeClue because it was aware that DeClue suffered from anxiety and depression and was taking medication for her pregnancy-related disability.

h. On or about March 26, 2018, DeClue complained to one of Defendant Employer's vice presidents regarding her belief that Defendant Employer had discriminated against her because of the medical reasons for her leave of absence and because of her need to take breaks to pump during the work day.

i. The vice president directed DeClue to speak with Defendant Employer's manager of employee relations and human resources projects.

j. On or about March 27, 2018, DeClue contacted this manager with her concerns. This manager informed DeClue that she (DeClue) had unused leave under FMLA.

k. Because DeClue did not believe Defendant Employer properly handled her complaint, DeClue called Blue Cross Blue Shield's (BCBS) hotline on April 3, 2018, alleging Defendant Employer discrimination against her based on her disability.

l. The BCBS hotline number is posted in Defendant Employer's breakroom.

m. Defendant Employer discharged DeClue on April 11, 2019, for complaining of disability discrimination to a third party (BCBS).

25. The effect of the practices complained of in Paragraphs 22-24 has been to deprive DeClue of equal employment opportunities and to otherwise adversely affect her employment by retaliating against DeClue for engaging in a protected activity.

26. The unlawful employment practices complained of in Paragraphs 22-24 were intentional.

27. The unlawful employment practices complained of in Paragraphs 22-24 were done with malice or with reckless indifference to the federally protected rights of DeClue.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation and any other employment practice which discriminates based on sex, female, and disability.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole DeClue by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D. Order Defendant Employer to make whole DeClue by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendant Employer to make whole DeClue by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

F. Order Defendant Employer to pay DeClue punitive damages for its malicious and reckless conduct described above in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**SHARON FAST GUSTAFSON**
General Counsel

**JAMES LEE**
Deputy General Counsel

*Faye A. Williams by PBD*
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
Telephone: (901-544-0088

*/s/ Pamela B. Dixon*
**PAMELA B. DIXON**
Senior Trial Attorney
AR Bar No. 95085

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR 72201
Telephone: (501) 324-5065
pamela.dixon@eeoc.gov