IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION )<br>)<br>)<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>**USABLE LIFE** )<br>**Defendant.** )<br>) | Case No. 4:19-CV-00846 BSM |

**CONSENT DECREE**

Plaintiff Equal Employment Opportunity Commission (Commission or EEOC), an agency of the United States government, filed this action against Defendant USAble Life (USAL) under Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*., as amended by the Americans with Disabilities Act Amendments Act of 2008, and Title I of the Civil Rights Act of 1991. The Complaint alleges USAL terminated Christian DeClue in retaliation for her alleged complaints of discrimination.

USAL denies it discriminated against DeClue and denies that it retaliated against DeClue. The Parties represent to the Court that each party engaged in good faith negotiations to resolve the case. The Parties reached a settlement agreement which includes entry of this Consent Decree. The Parties consent to entry of this Decree, not as an admission as to any of the merits of the case, but solely to avoid the additional expense of the continued litigation of the case. The Parties also stipulate the terms and conditions of this Decree are fair, reasonable, adequate, and serve the public interest in eradicating employment discrimination.

1

This Decree constitutes the complete and exclusive agreement between the Parties with respect to the matters referenced herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. The Parties have not made any representations or inducements to compromise this action other than those recited or referenced in this Decree. In the event the Court does not approve this Decree, the Parties agree neither of them will attempt to admit the Decree in evidence in this or any subsequent lawsuit.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court hereby APPROVES the Decree and FINDS as follows:

### I.     JURISDICTION

The Court has jurisdiction over the parties and the subject matter of this action.

### II.    SCOPE AND DURATION OF THIS DECREE

A.   This Decree resolves all issues and claims arising from Christian DeClue's Charge of Discrimination (EEOC Charge No. 493-2018-01258) filed against USAL.

B.   This Decree resolves all issues and claims arising from the Commission's Complaint against USAL in Case No. 4:19-CV-00846 BSM. This Decree does not impact any pending charges, if any, that may currently exist before the EEOC. Further, this Decree does not affect EEOC's right to process any other pending or future charges that any employee or applicant may file against Defendant and to commence civil actions on any such charges.

C.   The duration of this Decree and all obligations shall remain for two years from the date of its entry by the Court.

D.   During the term of this Decree, the Court shall retain jurisdiction over this case for purposes of compliance and any disputes that may arise.

### III.   INJUNCTIVE RELIEF

USAL shall not terminate employees for engaging in protected activity, including complaining of discrimination to third parties.

USAble, its officers, agents, supervisors, managers, successors and assigns are enjoined from terminating employees for engaging in protected activity, including complaining of discrimination to third parties.

### IV.   EMPLOYMENT POLICIES

USAL shall continue to amend and enforce its employment policies regarding complaints of discrimination and to emphasize that no management employee of the company is outside the chain of command with regard to complaints of discrimination.

USAL shall continue to emphasize in its non-discrimination and anti-harassment policy that it will not subject any employee who complains of discrimination to any adverse employment action.

### V.   POLICY POSTING AND DISTRIBUTION

USAL shall continue to maintain its non-discrimination and anti-harassment policy on the company's intranet, and to redistribute it electronically to all employees at its Little Rock location. USAL agrees to incorporate its non-discrimination and anti-harassment policy into any employee handbook it implements in the future.

### VI.   TRAINING

USAL agrees to provide additional training to all its human resources, management, and supervisory employees at its Little Rock location not later than 90 days following entry of this Decree as follows:

A. The training session shall last for a minimum of one hour and shall be conducted by an attorney with experience in employment law or a Society of Human Resource Management ("SHRM") certified trainer.

B. The training shall include:

   i. explanation of prohibitions against retaliation under Title VII and the ADA; and

   ii. explanation of the responsibility of human resource personnel, managers, and supervisory employees in preventing any retaliatory actions against employees who complain of discrimination.

C. Prior to the training session, USAL's highest chief executive officer shall appear at the training and state that USAL does not retaliate against employees who complain of discrimination and the consequences for engaging in such conduct. Such appearance may be live or by recorded video.

D. Within twenty 20 days after the training is completed USAL will submit to the EEOC documentation showing the training occurred and a verified roster showing the names of the employees who attended the training.

E. USAL will conduct refresher training on retaliation for human resources, management, and supervisory employees at its Little Rock location annually during the duration of the Consent Decree.

F. USAL shall conduct the initial training and all follow-up training, in whole or in part, by video conference.

## VII. CLAIMANT RELIEF

A. Following receipt of the release attached as Exhibit B to the Decree, USAL shall pay DeClue monetary relief in the amount of $20,000 in full settlement of any claim for back pay, which includes interest, and an additional $70,000 in full settlement of any and all additional claims the Commission or DeClue might have, including any non-pecuniary harm. None of these payments shall cause DeClue to become a participant in, or to accrue any benefit under, any employee benefit plan sponsored or administered by USAL.

B.  USAL will provide an IRS Form W-2 for the back-pay amount and withhold all applicable taxes and deductions from that amount.

C.  USAL will issue an IRS Form 1099 to DeClue for the compensatory relief and shall list such amount as "other income." This payment represents full and final settlement of the Commission's claims against USAL, as well as any claims DeClue may have against USAL. USAL will make payment to DeClue no later than 15 days following receipt of the fully executed release.

D.  USAL agrees to provide DeClue with a neutral reference when furnishing references to prospective employers. USAL will not mention DeClue's charge of discrimination or this lawsuit in response to any reference request from a prospective employer.

## VIII.   RECORDKEEPING

A.  USAL agrees to collect, retain and provide the following information to the Commission every year during the duration of this Consent Decree:

   i.   Any complaints of retaliation;

   ii.  USAL's response to any such complaint;

   iii. The dates of all training during the duration of the Decree, the materials used in any subsequent training during the duration of the Decree, and the attendees at the subsequent training.

B.  USAL will provide any materials required under this Decree via electronic mail to EEOC-MEDO-decree-monitoring@eeoc.gov.

## IX.   REPORTING

Following its initial report, USAL will make the following two reports:

A.  USAL will submit its first report no later than 12 months from the entry of the Decree. USAL will submit the second report no later than 22 months from the entry of the Decree.

B.  Each report will contain the information subject to Section VIII, Paragraph A.

## X.     NOTICE POSTINGS

A. USAL shall post at its Little Rock location for the duration of this Decree the Notice to Employees attached as Appendix A. The Notice shall be posted in a conspicuous location frequented by employees.

B. USAL will also continue its practice of posting in conspicuous places the notice poster required by Title VII, 42 U.S.C. § 2000e-10.

## XI.    MONITORING AND ENFORCEMENT

A. The Commission may monitor USAL's compliance with the terms of this Consent Decree by:

   i. Examining documents or other records required to be made or kept by this Decree;

   ii. Interviewing employees and management concerning the requirements of, and compliance with, this Decree; and

   iii. Interviewing employees or applicants who requested a reasonable accommodation because of disability.

B. If the Commission makes a determination that USAL has failed to comply with the Decree, the Commission shall provide USAL with written notice of the purported failure and allow it a period of 15 business days from receipt of the notice to correct any alleged deficiency. If, after the 15-business day period has expired, USAL does not correct the alleged deficiency to the Commission's satisfaction, the Commission may then petition this Court for further relief. Such relief may include further permanent or temporary injunctions, monetary relief, costs, and/or penalties for contempt of court.

## XII. SEVERABILITY

If one or more provisions of this Decree are rendered or found to be unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the parties. The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the Parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

## XIII. SUCCESSOR LIABILITY

A. For the duration of this Decree, prior to any sale, merger, or consolidation of the company, USAL shall provide written notice and a copy of this Decree to any successors, assigns, subsidiaries, affiliates, or any other corporation or entity that acquires, merges or consolidates with USAL. Any surviving entities that exist upon completion of the acquisition, merger or consolidation shall remain fully liable for compliance with this Decree.

B. USAL shall provide notice to the Commission 45 days prior to any assignment, succession, acquisition, merger, or consolidation.

## XIV. COSTS AND EXPENSES

The parties shall bear their own costs, attorney fees, and expenses arising from this litigation.

IT IS SO ORDERED THIS 11th DAY OF May, 2021

_____
**BRIAN S. MILLER**
**UNITED STATES DISTRICT JUDGE**

| FOR THE COMMISSION: | FOR DEFENDANT: |
|---|---|
| **GWENDOLYN Y REAMS**<br>Acting General Counsel | */s/*Kimberly Hodges<br>**KIMBERLY HODGES**<br>Ogletree, Deakins, Nash, Smoak, & Stewart PC<br>International Place Tower II<br>6410 Poplar Avenue, Suite 300<br>Memphis, TN  38119<br>Telephone:  901.767.6160<br>kim.hodges@ogletreedeakins.com |
| */s/* Faye A. Williams<br>**FAYE A. WILLIAMS**<br>Regional Attorney | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>1407 Union Ave., Ste. 901<br>Memphis, TN  38104<br> (901) 701-4609 | |
| */s/* Pamela B. Dixon<br>**PAMELA B. DIXON**<br>Senior Trial Attorney | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>801 Louisiana, Ste. 200<br>Little Rock, AR  72201<br>(501) 900-6145<br>pamela.dixon@eeoc.gov | |

**Exhibit A**

**NOTICE TO EMPLOYEES**

1. This Notice is posted pursuant to a Consent Decree entered by the United States District Court for the Eastern District of Arkansas in the matter of EEOC v. USAble Life, Case No. 4:19-CV-00846 BSM.

2. It is unlawful under Title VII of the Civil Rights Act of 1964 to retaliate against any employee because such individual has opposed any act or practice under Title VII or because such individual made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing.

3. USAble Life will not tolerate or condone disability discrimination. Such discrimination is a violation of company policy as well as federal law. Violation of this company policy by anyone employed by USAble Life will result in disciplinary action up to and including termination.

4. If you believe you have been discriminated against in violation of federal law, you may access the EEOC at 1-800-669-4000. The TTY number for hearing impaired is 1-800-669-6820. Additional information may also be found at eeoc.gov. Finally, you may contact the Little Rock Area Office at 501-324-5060.

This Notice will remain posted for two years from the date signed below and must not be altered, defaced, removed, or covered by any other materials.

_____     _____
Date                                              President of USAble Life

**Exhibit B**

**RELEASE**

I, Christian DeClue, in consideration for $90,000 less all required withholdings, paid to me by Defendant in connection with the resolution of *EEOC v. USAble Life,* Case No. 4:19-CV-00846 BSM (E.D. Ark.), waive my right to recover for any claims of retaliation discrimination arising under Title VII of the Civil Rights Act of 1964, as amended, and under the Americans with Disabilities Act of 1990, as amended, that I had against Defendant prior to the date of this release and that were included in the claims alleged by EEOC's complaint in *EEOC v. USAble Life.*

Date:_____     Signature: _____